**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ANTONIO DE JESUS GUZMAN ZAMORA,** | § § § | |
| **Petitioner,** | § § | |
| **v.** | § § | **CAUSE NO. EP-26-CV-1330-KC** |
| **MARKWAYNE MULLIN et al.,** | § § § | |
| **Respondents.** | § | |

## ORDER

On this day, the Court considered Antonio de Jesus Guzman Zamora's Petition for a Writ of Habeas Corpus, ECF No. 1. Guzman Zamora is currently detained at the El Paso Service Processing Center. *Id.* ¶ 1. He argues that his detention is unlawful and asks the Court to order his release or a bond. *Id.* ¶¶ 62–71.

Guzman Zamora entered the United States in 2021, at which time he was stopped by immigration authorities and released. *Id.* ¶¶ 3, 4, 9. On April 3, 2026, he was taken into immigration custody after appearing at an immigration hearing. *Id.* ¶ 5. In its Show Cause Order, ECF No. 3, the Court noted that, "[a]s alleged, his case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025)." Show Cause Order 1. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Guzman Zamora's case warrant a different outcome." *Id.*

Respondents argue that Guzman Zamora's case must be dismissed following *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Resp. 1, ECF No. 4.

Guzman Zamora argues that his detention without an opportunity for a meaningful individualized custody determination is unlawful on constitutional due process grounds.  Pet. ¶¶ 62–71; Reply, ECF No. 5.  The *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Guzman Zamora's position to a bond hearing when they are detained pending removal proceedings.  *Buenrostro-Mendez*, 2026 WL 323330, at *1.  Therefore, to the extent Guzman Zamora brings a statutory claim, Respondents are correct that *Buenrostro-Mendez* requires the denial of the Petition in part as to the statutory claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation.  *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted).  "Thus, '*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'"  *Id.* at *2 (citations omitted).  Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in Buenrostro-Mendez."  *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases).

And the Court has already rejected the rest of Respondents' arguments or else need not reach them.  *Compare* Resp. 1–25, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *1–3; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 801 F. Supp. 3d at 674–88.  Because Respondents have not

identified any material differences between Guzman Zamora's case and this Court's prior decisions, and *Buenrostro-Mendez* has no bearing on Guzman Zamora's procedural due process claim, it follows that the same result is warranted here.  *See generally* Resp.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Guzman Zamora's Petition is **GRANTED IN PART** on procedural due process grounds.[2]

The Court **ORDERS** that, <u>**on or before May 27, 2026**</u>, Respondents shall either: (1) provide Guzman Zamora with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Guzman Zamora's continued detention; or (2) release Guzman Zamora from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, <u>**on or before May 27, 2026**</u>, Respondents shall **FILE** notice informing the Court whether Guzman Zamora has been released from custody.  If Guzman Zamora has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Guzman Zamora is released from custody, Respondents shall **RETURN** all of his personal property in Respondents' custody, without

---

[1] The relevant facts are undisputed, *see* Resp. 3–4, and the Court therefore grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

[2] As to Guzman Zamora's requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either.  *See, e.g., Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at *3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at *5 n.1).

which his liberty interest will be affected, to him upon release.  Such property includes, but is not limited to, identification documents.

**There will be no extensions of the May 27, 2026, deadlines**, unless they fall on a weekend or a holiday, in which case, the deadlines are extended to the following business day.

**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**.

**SO ORDERED**.

**SIGNED this 20th day of May, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE